UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN PHILLIP CHAMP,

    Plaintiff,

v.                          Case No: 2:17-cv-555-FtM-29CM

LEE COUNTY SHERIFF'S OFFICE
CORRECTIONS BUREAU, OFFICE
OF THE SHERIFF, and MICHAEL
SCOTT, Official Capacity,

    Defendants.
_____

### ORDER OF DISMISSAL

    Plaintiff initiated this case by filing a *pro se* civil rights complaint and a motion for leave to proceed as a pauper. (Doc. 1; Doc. 2). Plaintiff is a prisoner at the Lee County Jail. On October 12, 2017, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process because he failed to truthfully disclose all of his prior federal cases, as required on the complaint form (Doc. 7). Plaintiff responded by saying that he understood the form to ask only for other complaints based upon his current incarceration (Doc. 9).

    Plaintiff executed the civil rights complaint form under penalty of perjury (Doc. 1). Page Eleven of that form requires prisoners to disclose information regarding previous lawsuits. Specifically, it required Plaintiff to disclose whether he had "filed other lawsuits in state or federal court otherwise relating

to the conditions of your confinement?" (Doc. 1 at 11). The form directed Plaintiff to identify all prior complaints. Id. Plaintiff checked "no" and listed no prior cases. Id. However, the Court identified the following cases brought by Plaintiff in the Middle District of Florida: (1) 2:09-cv-32-UA-SPC; (2) 2:09-cv-424-CEH-SPC; (3) 3:16-cv-1227-TJC-JRK; (4) 3:14-cv-857-MMH-JNT; and (5) 3:14-cv-809-MMH-JBT. Each of these cases raise issues relating to Plaintiff's imprisonment or the conditions thereof.

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity—nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been raised in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources. This is particularly true with plaintiffs such as Mr. Champ who tend to file multiple suits involving similar situations whenever in custody.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous

lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. Feb. 10, 2011). In Redmon, the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he misunderstood the form, but the Court held that the district court had the discretion to conclude that his explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" Id. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

Id. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.

Similar to the plaintiff in <u>Redmon</u>, Plaintiff argues that he understood the form to ask whether he had filed other cases relating to the same facts as the instant case (Doc. 9). The Court does not find this assertion credible. The complaint form clearly asks whether Plaintiff had filed other lawsuits "dealing with the same facts involved in this action" and separately asks whether he had filed suits "**otherwise** relating to the conditions of your imprisonment." (Doc. 1 at 10-11). Plaintiff is a frequent litigant in this Court, and has been reminded of his responsibility to be completely truthful on his complaint forms. The Court finds that Plaintiff was aware of his obligation to reveal his prior litigation. Plaintiff's failure to fully disclose his previous lawsuits, under penalty of perjury, constitutes an abuse of the judicial process. <u>See</u> <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998). An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice. <u>Id</u>.

Moreover, because of Plaintiff's unusual handwriting and decision not to place the bulk of his statements on the lines provided, the pleadings filed in this action are virtually incomprehensible and are subject to dismissal on that ground as well. Should Plaintiff decide to file a new case in this Court, he must either type the complaint or use regular block print as he has done in other cases filed in this Court. Any future pleading

filed in this Court containing Plaintiff's tiny handwriting will be returned.

Accordingly, it is hereby **ORDERED**:

1. This case is **DISMISSED without prejudice**. Such dismissal counts as a "strike" for the purposes of the three-strikes provision of 28 U.S.C. § 1915(g).

2. The **Clerk of Court** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this   20th   day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record